### HOME LIFE ASSURANCE CO. v. MAYNARD.

LIFE INSURANCE—MUTUAL COMPANIES—FORM OF POLICY.
A mutual life insurance company organized under Act No. 187, Pub. Acts 1887, as amended by Act No. 58, Pub. Acts 1895, providing that any such corporation may provide in its policy for the payment, at stated periods, of premiums or assessments for the purpose of accumulating and maintaining a mortuary, an emergency, and a reserve fund, and that the members may receive the benefit of any surplus not needed by the corporation, is authorized, where its articles of association are framed with respect thereto, to write whole-life policies, term insurance, advance payment insurance, and insurance upon the joint lives of two or more persons.

*Mandamus* by the Home Life Assurance Company to compel Fred A. Maynard, Attorney General, to approve relator's amended articles of association. Submitted April 6, 1897. Writ granted April 27, 1897.

*John W. McGrath,* for relator.

*Fred A. Maynard, in pro. per.*

112 MICH.—32.

MOORE, J.   The relator is a domestic corporation organized under Act No. 187 of the Public Acts of 1887, as amended by Act No. 58 of the Public Acts of 1895.   It has recently amended its original articles of incorporation, and has asked the attorney general to approve of the articles of association as amended, so that they may be approved by and filed with the insurance commissioner of the State. The attorney general has declined to approve of the amended articles of association, upon the ground that they do not comply with the provisions of the law under which the relator is incorporated.   This is a proceeding to compel the attorney general to approve of the amended articles of association.   The amended articles contemplate the issuance of:

*First.* Whole life policies,—that is, policies issued for the life of the insured, upon which premiums are paid quarterly, semi-annually, or annually during life,—which policies are payable only in case of death.

*Second.* Term insurance,—that is, insurance for five, ten, fifteen, or twenty years, during which term the insured pays stated premiums; the insurance payable only in case of death.

*Third.* Advance payment insurance,—that is, policies upon which the insured pays a premium for a given number of years, and then ceases to pay; the insurance payable only in case of death.

*Fourth.* Insurance upon the joint lives of two or more persons.

It is the contention of the attorney general that the law does not authorize any of these forms of insurance, and that the issuance of certificates containing such provisions is contrary to public policy; that it is not the purpose of the act to provide for the accumulation of a surplus fund in associations of this character, and that the law does not provide any safeguard for its management when it is accumulated.

Section 1 of the act of 1887 provides who may become a body corporate for the purpose of carrying on the business of insuring the lives of its members.   Subdivision 4 of section 3 provides:

"In what manner and amount assessments, premiums, or payments are to be required from the members, the purposes and objects to which the moneys so realized are to be appropriated, and the names and objects of each fund into which any of such money shall be paid."

Section 11 of Act No. 58, Pub. Acts 1895, provides:

"That any such corporation may provide in its policy for the payment, at stated periods, of premiums or assessments for the purpose of accumulating and maintaining, and may accumulate and maintain, a mortuary, an emergency, and a reserve fund, and may provide in such policy that the members may receive the benefit of any surplus moneys not needed by such corporation. Nothing contained in this act shall be construed to permit any contract promising any fixed cash payment to any certificate or policy holder, excepting in the contingency of death or total permanent physical disability."

A consideration of these provisions indicates very clearly that the legislature intended to provide for the accumulation and maintenance of a mortuary fund, of an emergency fund, and a reserve fund. The legislature also provided for the payment, not only of assessments, but of premiums and payments by the members at stated times to be fixed and determined by the articles of association. The legislature also provided by this legislation for the insurance of the lives of the members of the corporations which were incorporated under its provisions, and, if proper rules and safeguards are provided by the articles of association, we can see no good reason why a policy might not be issued upon joint lives as well as to members severally. There is certainly no affirmative restriction to the issuance of such policies.

It is urged that, if the several funds assume large proportions, no proper safeguards have been placed about them. In this connection it ought not to be forgotten that every holder of a certificate of insurance has a voice in the conduct of the business, and the policy holders may direct and control the business of the corporation, if they will. Should the legislation prove to be inadequate

to protect the policy holders, the legislature can easily remedy it by creating additional safeguards. We think the amended articles of association come within the provisions of the law, and should be approved.

The writ will issue as prayed.

The other Justices concurred.